UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIO PULIDO SEGURA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. BASS, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-06667-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

## LEGAL STANDARDS

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that he was subject to an unclothed body search in view of female staff.

A cross-gender strip search that involves touching the inmate's genitalia and searching inside his anus is unreasonable as a matter of law in a non-emergency situation. *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc) ("*Byrd I*"). Even so, not all searches by guards of a different gender are illegal. *See Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985) (affirming use of female officers within a correctional facility who occasionally viewed male inmates in various stages of undress and conducted routine pat-downs of fully clothed inmates). This is not inconsistent with *Byrd I*.  *See Byrd I*, 629 F.3d at 1142. Assigned positions of female guards that require only infrequent and casual observation, or observation at a distance, of unclothed male prisoners and that are reasonably related to prison needs are not so degrading as to warrant court interference. *See Michenfelder v. Summer*, 860 F.2d 328, 334 (9th Cir. 1988); *Grummett*, 779 F.2d at 494-95; *see also Jordan v. Gardner*, 986 F.2d 1521, 1524-25 (9th Cir. 1993) (en banc) (privacy interest in freedom from cross-gender clothed body searches not "judicially recognized"). The question is whether officers regularly or frequently observe

unclothed inmates of the opposite sex without a legitimate reason for doing so. *See Michenfelder*, 860 F.2d at 334; *cf. Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922-25 (9th Cir. 2017) ("*Byrd II*") (reversing dismissal for failure to state a claim when pretrial detainee alleged that defendants' policy of permitting female guards to regularly view his bathroom and shower use from 4-5 feet away violates his 4th and 14th Amendment rights).

Plaintiff states that on October 8, 2022, the Defendant prison staff members directed that Plaintiff and more than 100 other prisoners be subject to an unclothed body search on the prison yard in view of female correctional staff, nursing staff, and kitchen staff.[1] The search occurred without the use of any type of privacy shielding. Plaintiff seeks money damages. Liberally construed, this claim is sufficient to proceed.

**CONCLUSION**

The Court orders that the following Defendants be served electronically at San Quentin Rehabilitation Center: Lieutenant C. Bass, Sergeant M. Taylor, Sergeant E. Simpson, and Correctional Officer E. Castillo.

Service on the listed Defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (dkt. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendants decline to waive service or could not be

---

[1] Approximately seven other cases regarding this same unclothed body search were filed in this district. In one of the cases, *Brown v. Bass*, *et al.*, Case No. 23-cv-0671 JST, the Court denied Defendants' motion to dismiss and set a briefing summary schedule for summary judgment.

3

1  reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the
2  notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge
3  jurisdiction consent or declination to consent form to the California Attorney General's Office,
4  which, within 21 days, shall file with the Court a waiver of service of process for the Defendants
5  who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction
6  consent or declination to consent form as to the defendants who waived service.

7  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare
8  for each Defendant who has not waived service according to the CDCR Report of E-Service
9  Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms
10 and copies of this order, the summons and the operative complaint for service upon each
11 Defendant who has not waived service. The Clerk will also provide to the USMS a copy of the
12 CDCR Report of E-Service Waiver.

13 In order to expedite the resolution of this case, the Court orders as follows:

14 No later than **sixty days** from the date of service, Defendants shall file their motion for
15 summary judgment or other dispositive motion. The motion shall be supported by adequate factual
16 documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall
17 include as exhibits all records and incident reports stemming from the events at issue. If
18 Defendants are of the opinion that this case cannot be resolved by such a motion, they shall so
19 inform the Court prior to the date that such motion is due. Moreover, all papers filed with the
20 Court shall be promptly served on Plaintiff.

21 At the time the dispositive motion is served, Defendants shall also serve, on a separate
22 paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
23 Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods
24 v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be
25 given at the time motions for summary judgment or motion to dismiss for non-exhaustion are
26 filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

27 Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and
28 served upon Defendants no later than **thirty days** from the date the motion is served upon him.

4

Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.

If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel, if and when counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 21, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.